IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES,

        Plaintiff,              No. 2:12-cv-0662 EFB P

    vs.

K.M. PORTER, et al.,

        Defendants.        ORDER
_____/

    Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. Dckt. No. 4; *see* E.D. Cal. Local Rules, Appx. A, at (k)(4). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a motion for a preliminary injunction.

**I.    Request to Proceed In Forma Pauperis**

    Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II.    Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

### III. Screening Order

The court has reviewed plaintiff's complaint (Dckt. No. 1) and for the limited purposes of § 1915A screening, finds that it states 1) potentially cognizable First Amendment retaliation claims against defendants Porter, Perry, Till, Scogin, Hutchings, and O'Brien, and 2) a potentially cognizable Americans with Disabilities Act ("ADA") claim for injunctive relief against defendant Virga. For the reasons stated below, the complaint does not state a cognizable retaliation claim against defendant Turner or Virga, nor does it state a cognizable claim for damages under the ADA or based on the handling of plaintiff's administrative appeals.

According to the complaint, defendants Porter, Perry, Till, Scogin, Hutchings, and O'Brien took various forms of adverse action against plaintiff because of plaintiff's protected First Amendment conduct. The complaint alleges that defendants Turner (Captain) and Virga (Warden) were made aware, at various times, of the alleged retaliation and failed to take corrective action, thereby participating in violating plaintiff's rights through their inaction.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th

3

Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff fails to plausibly allege a retaliation claim against defendants Turner and Virga because his allegations do not show that either defendant personally participated in retaliating against plaintiff. Accordingly, these claims are dismissed with leave to amend.

Plaintiff also claims that his rights were violated under the Americans with Disabilities Act ("ADA") because cable television is not provided in the medical unit, where he is housed because of his disability. Plaintiff alleges that all general population prisoners have cable access. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). Liberally construed, plaintiff states a potentially cognizable claim for injunctive relief. *See Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may seek injunctive relief against state officials in their official capacities). Damages, however, are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). There are no facts demonstrating that the lack of cable access in the medical

units is the product of deliberate indifference.  Accordingly, plaintiff's ADA damages claims are dismissed with leave to amend.

Moreover, to the extent plaintiff intends to impose liability against any defendant based on the processing of any administrative appeal, he fails to state a claim.[1]  There are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

Accordingly, plaintiff may either proceed only on the claims against defendants Porter, Perry, Till, Scogin, Hutchings, O'Brien, and Virga that are identified herein as cognizable, or he may amend his complaint to attempt to cure the deficiencies in the complaint's remaining allegations.

Plaintiff is not obligated to amend his complaint.  If plaintiff chooses to proceed only on the claims against defendants Porter, Perry, Till, Scogin, Hutchings, O'Brien, and Virga that are identified herein as cognizable, the court will construe plaintiff's election as his voluntary dismissal of defendant Turner and any remaining claims, without prejudice.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

---

[1] In the body of the complaint, plaintiff claims a "defendant Daley" improperly handled his administrative appeals, but the complaint's caption does not list "Daley" as a defendant.  If plaintiff intends to pursue a claim against a "defendant Daley," he must include that defendant in the caption of any amended complaint.  *See* Fed. R. Civ. P. 10(a).

5

amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

### IV.     Motion for Preliminary Injunction

In the motion for injunctive relief, plaintiff seeks an "order preventing the violation of the Settlement Agreement and Mutual Release in the separate matter of *Giraldes v. Hicimbothom, et al.*, No: 1:09-cv-0154 in this court, as the defendants in this case are moving plaintiff to a prison [not] yet revealed to plaintiff, in retaliation for the filing of this case." Dckt. No. 6.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions--that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another--survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the

court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

According to plaintiff, he was told he was being transferred because his housing unit will be undergoing construction. Dckt. No. 6 at 2. Plaintiff assumes that the real motive behind the transfer is retaliation because plaintiff knows of "two medical beds" that would "suffice temporarily." Plaintiff's mere belief in this regard is insufficient to demonstrate a likelihood of success on the merits of his retaliation claim. Moreover, plaintiff does not have a constitutional right to be housed at a particular institution (even to be close to a family member) and he fails to show that he will be irreparably harmed if transferred. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). While plaintiff fears that the transfer will result in him "being moved away from his ailing mother," he fails to demonstrate that he will suffer any irreparable injury in the absence of the requested injunctive relief. Accordingly, plaintiff's motion must be denied.

**V.     Order**

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 5) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for a preliminary injunction (Dckt. No. 6) is denied.

4. The allegations in the pleading (as identified above) are sufficient at least to state potentially cognizable First Amendment retaliation claims against defendants Porter, Perry, Till, Scogin, Hutchings, and O'Brien, and a potentially cognizable ADA injunctive relief claim against defendant Virga. *See* 28 U.S.C. § 1915A.

5. All remaining claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

1    6. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the March 15, 2012 complaint, seven USM-285 forms and instructions for service of process on defendants. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and eight copies of the complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants Porter, Perry, Till, Scogin, Hutchings, O'Brien, and Virga will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure. In this event, the court will construe plaintiff's election to proceed forthwith as his voluntary dismissal of all remaining claims and defendants, without prejudice.

   7. Failure to comply with this order may result in this action being dismissed.

Dated: October 17, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY GIRALDES,

      Plaintiff,                    No. 2:12-cv-0662 EFB P

      vs.

K.M. PORTER, et al.,

      Defendants.               NOTICE OF SUBMISSION OF DOCUMENTS

                                    /

      In accordance with the court's Screening Order, plaintiff hereby elects to:

      (1) _____   proceed only with the cognizable claims identified in the court's Screening Order, dismisses of all remaining claims and defendants, and submits the following documents:

            _1_      completed summons form

            _7_      completed forms USM-285

            _8_      copies of the March 15, 2012 complaint

**OR**

      (2) _____   delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

Dated:

                                            Plaintiff