1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARRY GIRALDES,

11              Plaintiff,                    No. 2:12-cv-0662 EFB P

12         vs.

13   K.M. PORTER, et al.,

14              Defendants.                   <u>ORDER</u>
     _____/

15

16         Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  Dckt. No. 4; *see* E.D.

19   Cal. Local Rules, Appx. A, at (k)(4).  Before the court is plaintiff's amended complaint.

20   **I.     Screening Requirement and Standards**

21         Federal courts must engage in a preliminary screening of cases in which prisoners seek

22   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26   relief."  *Id.* § 1915A(b).

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3  of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5  statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility.

7  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8  content that allows the court to draw the reasonable inference that the defendant is liable for the

9  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13    A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14  Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18  **II.    Screening Order**

19    The court has reviewed plaintiff's amended complaint (Dckt. No. 11) and for the limited

20  purposes of § 1915A screening, finds that it states potentially cognizable First Amendment

21  retaliation claims against defendants Porter, Perry, Till, Scogin, Todd, Daley, Hutchings,

22  O'Brien, and Virga.  For the reasons stated below, the complaint does not state a cognizable

23  Americans with Disabilities Act ("ADA") claim or a retaliation claim against defendants Green

24  or Turner.

25    According to the complaint, defendants Porter, Perry, Till, Scogin, Todd, Daley,

26  Hutchings, O'Brien, and Virga took various forms of adverse action against plaintiff because of

2

1  plaintiff's protected First Amendment conduct.  In its initial screening order, the court informed

2  plaintiff of the following requirements:

3        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
       essential elements: (1) that a right secured by the Constitution or laws of the
4        United States was violated, and (2) that the alleged violation was committed by a
       person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).
5
         To state a viable First Amendment retaliation claim, a prisoner must allege
6        five elements: "(1) An assertion that a state actor took some adverse action
       against an inmate (2) because of (3) that prisoner's protected conduct, and that
7        such action (4) chilled the inmate's exercise of his First Amendment rights, and
       (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes
8        v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

9          An individual defendant is not liable on a civil rights claim unless the
       facts establish the defendant's personal involvement in the constitutional
10       deprivation or a causal connection between the defendant's wrongful conduct and
       the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646
11       (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is,
       plaintiff may not sue any official on the theory that the official is liable for the
12       unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct.
       1937, 1948 (2009).  Rather, a plaintiff must plead that each defendant, through his
13       own individual actions, has violated the Constitution.  *Id.*  It is plaintiff's
       responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct.
14       at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

15  Dckt. No. 8 at 3-4.

16         In the amended complaint, plaintiff fails to plausibly allege a retaliation claim against

17  defendants Turner or Green.  Plaintiff fails to plead facts showing that defendant Turner was

18  aware of plaintiff's protected First Amendment conduct, or that he caused any of the retaliation

19  about which plaintiff complaints.  *See* Dckt. No. 11, ¶¶ 62-63, 105-106.  Plaintiff's bare and

20  conclusory allegation that defendant Turner "is liable" because he "ignored blatant evidence and

21  reports of continuing retaliation," is not sufficient to state a plausible retaliation claim.  *See id.*

22  ¶ 106.  Plaintiff also fails to plead facts showing that defendant Green's alleged conduct was

23  motivated by plaintiff's protected First Amendment activities.  *See id.* ¶¶ 81-86, 97, 103

24  (alleging that defendant Green took various adverse actions against plaintiff because of orders

25  from his superiors).  Accordingly, claims against defendants Turner and Green must be

26  dismissed with leave to amend.

3

Plaintiff also claims that his rights were violated under the Americans with Disabilities Act ("ADA") because cable television was not provided in the Central Treatment Center at California State Prison, Sacramento, where he was previously housed because of his disability. Dckt. No. 11 ¶¶ 1, 4.  The court previously informed plaintiff that damages are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Here, there are no facts demonstrating that the lack of cable access in the medical units was the product of deliberate indifference.  Moreover, any claim for injunctive relief is moot, as plaintiff alleges he is no longer housed in the medical unit that lacked cable television.  *See* Dckt. No. 11 ¶¶ 159-160; *see also Dilley v. Gunn*, 64 F.3d 1365 (9th Cir. 1995) (plaintiff inmate's transfer to a different facility renders request for injunctive relief moot unless he shows his case is "capable of repetition, yet evading review").  Accordingly, plaintiff's ADA claim is dismissed with leave to amend.

Accordingly, plaintiff may either proceed only on the retaliation claims against defendants Porter, Perry, Till, Scogin, Todd, Daley, Hutchings, O'Brien, and Virga, or he may amend his complaint to attempt to cure the deficiencies in the complaint's remaining allegations.

Plaintiff is not obligated to amend his complaint.  If plaintiff chooses to proceed only on the retaliation claims against defendants Porter, Perry, Till, Scogin, Todd, Daley, Hutchings, O'Brien, and Virga, the court will construe plaintiff's election as his voluntary dismissal of defendants Green and Turner and ADA claims, without prejudice.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  The allegations in the pleading are sufficient at least to state potentially cognizable First Amendment retaliation claims against defendants Porter, Perry, Till, Scogin, Todd, Daley, Hutchings, O'Brien, and Virga.  *See* 28 U.S.C. § 1915A.

2.  Plaintiff's ADA claim and claims against defendants Turner and Green are dismissed with leave to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his complaint.  Any amended complaint may not exceed the scope of this order.

3.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the November 7, 2012 amended complaint, nine USM-285 forms and instructions for service of process on defendants.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and ten copies of the endorsed November 7, 2012 amended complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants Porter, Perry, Till, Scogin, Todd, Daley, Hutchings, O'Brien, and Virga will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

4.  Failure to comply with this order may result in this action being dismissed.

Dated:  February 28, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5                     IN THE UNITED STATES DISTRICT COURT

6                   FOR THE EASTERN DISTRICT OF CALIFORNIA

7    LARRY GIRALDES,

8              Plaintiff,                    No. 2:12-cv-0662 EFB P

9         vs.

10   K.M. PORTER, et al.,

11             Defendants.            NOTICE OF SUBMISSION OF DOCUMENTS

12   _____/

13

14        In accordance with the court's Screening Order, plaintiff hereby elects to:

15        (1)  _____   proceed only with the retaliation claims against defendants Porter, Perry,

16   Till, Scogin, Todd, Daley, Hutchings, O'Brien, and Virga, as identified in the court's Screening

17   Order, dismiss all remaining claims and defendants, and submits the following documents:

18               1         completed summons form

19               9         completed forms USM-285

20              10         copies of the endorsed November 7, 2012 amended complaint

21   **OR**

22        (2)  _____   delay serving any defendant and files an amended complaint in

23   accordance with the court's Screening Order.

24   Dated:

25

26                              _____
                                            Plaintiff