UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES,<br><br>        Plaintiff,<br><br>   v.<br><br>K.M. PORTER, et al.,<br><br>        Defendants. | No.  2:12-cv-0662-KJM-EFB P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion for a preliminary injunction and a motion to amend. ECF Nos. 30, 36. For the reasons explained below, the motions must be denied.

**I.  Background**

Plaintiff commenced this action on March 15, 2012. ECF No. 1. It proceeds on the 37-page first amended complaint, filed on November 7, 2012. ECF No. 11. The crux of plaintiff's complaint is that he has been retaliated against for pursuing lawsuits and administrative appeals. *See id.* at 14. Plaintiff details in the complaint dozens of purported acts of retaliation, including but not limited to the following: (1) defendants Till and Porter attempted to have plaintiff assaulted by another inmate; (2) defendant O'Brien confiscated plaintiff's property; (3) defendant Perry vaguely threatened to issue a false rules violation report; (4) defendant Perry searched plaintiff's cell and confiscated cable wires; (5) defendant O'Brien vaguely threatened to place

1    plaintiff in administrative segregation; (6) defendant Porter suspended plaintiff's phone
2    privileges; (7) defendant Porter required that plaintiff be strip searched before using the phone or
3    entering the music building; (8) defendant O'Brien issued plaintiff a rules violation report for
4    dangerous contraband and took away plaintiff's privileges; (9) defendant Skogin told other
5    inmates that they better make sure plaintiff stops filing appeals; (10) defendants Skogin and Till
6    searched plaintiff's cell and confiscated his guitar; (11) defendant Daley used his role as an
7    appeals coordinator to block and/or delay plaintiff's appeals; (12) defendant Porter prevented
8    plaintiff's "special purchase orders," such as his typewriter; (13) defendant Porter, with help from
9    defendants Till and O'Brien, issued a rules violation report claiming that plaintiff had another
10   inmate's headphones; (14) defendants Till, Porter, and O'Brien destroyed evidence in plaintiff's
11   cell; (15) defendant Virga denied there was any wrongdoing even though he knew retaliation was
12   taking place; (16) defendant Skogin threatened to take away plaintiff's music and yard time; (17)
13   defendants Porter, Till, and O'Brien searched plaintiff's cell and for a second time, confiscated
14   plaintiff's guitar and evidence; (18) defendant Porter searched plaintiff's cell and confiscated
15   batteries; (19) defendants Porter and O'Brien intercepted plaintiff's letters requesting a new
16   antenna; (20) defendant Hutchings conducted a series of cell searches, confiscated property and
17   evidence, issued false rules violation reports, and threatened to continue retaliating against
18   plaintiff; (21) defendants Hutchings and Porter confiscated plaintiff's typewriter ribbons and then
19   tried to cover it up; (22) defendant O'Brien intercepted plaintiff's appeals, mail, and other
20   outgoing legal correspondence; (23) defendant Todd falsely found plaintiff guilty of two different
21   rules violation reports; (24) defendant Virga wrongly retained plaintiff in administrative
22   segregation; and (25) defendants O'Brien and Porter prompted a transfer of plaintiff from
23   California State Prison, Sacramento, to Mule Creek State Prison, then to High Desert State
24   Prison, and then back to Sacramento.  *See* ECF No. 11.  This action proceeds on plaintiff's First
25   Amendment retaliation claims against defendants Daley, Hutchings, O'Brien, Perry, Porter,
26   Scogin, Till, Todd, and Virga.  *See* ECF No. 12 (Screening Order).
27   /////
28   /////

**II.     Motion for Preliminary Injunction**

On August 29, 2013, plaintiff filed a motion for a preliminary injunction to "prohibit[ ] defendants and their agents from violating the express terms in *Giraldes v. Hicimbothem* . . . by transferring plaintiff from California State Prison Sacramento, in retaliation for the filing of this suit, and for achieving settlement in that case." ECF No. 30 at 1. Plaintiff explains that on August 12, 2010, he entered into a settlement agreement with the named defendants in *Giraldes v. Hicimbothem*, No. 1:09-cv-0154 SKO (E.D. Cal) (*Hicimbothem*), as well as with the California Department of Corrections and Rehabilitation (CDCR). *See* ECF No. 30, Ex. A[1] (listing Cano, Jones, Hicimbothom, Chavez, Ortiz, Nelson, Trimble and Robicheaux as defendants). None of the defendants in this action were defendants in the *Hicimbothem* action.

One of the terms of the *Hicimbothem* agreement was that plaintiff would be transferred to and remained housed at California State Prison, Sacramento (CSP-Sac), where he is currently confined. ECF No. 30, Ex. A. In the pending motion for injunctive relief, plaintiff states that he has "been told" by his treating doctor that "he is on the list to be sent from [CSP-Sac]." *Id.* at 2. Plaintiff also claims that defendants O'Brien and Porter caused him to be transferred to Mule Creek State Prison in 2012. Though plaintiff was returned to CSP-Sac, he believes that he will be transferred again, given the information provided to him by his doctor. Plaintiff states that he needs to be housed at CSP-Sac because it is "close to his house and [fiancé] to ensure visits." *Id.* He seeks preliminary injunctive relief to prohibit defendants from transferring him from CSP-Sac, in violation of the *Hicimbothem* agreement. ECF No. 30.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*,

---

[1] Plaintiff appends to his motion a copy of the written settlement agreement entered into in *Giraldes v. Hicimbothem*, No. 1:09-cv-0154 SKO. The agreement stated that the court would retain jurisdiction over the settlement for one year. ECF No. 30, Ex. A.

1   326 F.2d 141, 143 (9th Cir. 1964).  A party seeking preliminary injunctive relief must

2   demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

3   in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

4   injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.

5   2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).  The Ninth Circuit has

6   also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing

7   the elements of the preliminary injunction test, so that a stronger showing of one element may

8   offset a weaker showing of another—survives *Winter* and continues to be valid.  *Alliance for Wild*

9   *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions

10  going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support

11  issuance of an injunction, assuming the other two elements of the Winter test are also met."  *Id.*

12  In cases brought by prisoners involving conditions of confinement, any preliminary injunction

13  "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

14  requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18

15  U.S.C. § 3626(a)(2).

16          Here, the operative complaint does not seek enforcement of or relate to the terms of the

17  *Hicimbothem* settlement agreement and none of the defendants in this action were defendants in

18  the *Hicimbothem* action.  Plaintiff has, however, filed a motion to amend his complaint to include

19  a request for permanent injunctive relief for purposes of enforcing the term that he remain housed

20  at CSP-Sac.  *See* ECF No 36.  Although he now seeks to insert into this First Amendment

21  retaliation case a claim to enforce a term of the *Hicimbothem* settlement agreement, this action

22  does not currently include a breach of contract claim, nor is it proceeding on any claim

23  concerning plaintiff's purported right to be housed at CSP-Sac.  *See* ECF No. 11 (Am. Compl.);

24  *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (explaining that

25  an action regarding enforcement of a settlement agreement sounds in contract).  Thus, the current

26  motion for a preliminary injunction does not show serious questions going to the merits of this

27  action.

28  /////

In his motion, plaintiff focuses on the fact that a transfer out of CSP-Sac would violate the terms of the *Hicimbothem* agreement. In doing so, plaintiff completely fails to demonstrate why or how such a violation would cause him to suffer irreparable harm. Though plaintiff does express a preference to remain housed near his home and his fiancé, these preferences do not demonstrate that plaintiff will suffer imminent irreparable harm in the absence of the requested injunctive relief.

Plaintiff also claims that his settlement mandating placement in CSP-Sac has been "resolved" and that "relitigating" the issue will "overburden" the court system. *Id.* at 4. That argument, however, fails to demonstrate that issuance of the requested injunctive relief is in the public's interest or that the balance of the equities weighs in plaintiff's favor.

In short, plaintiff's motion must be denied, as it is not supported by facts that demonstrate he meets the standards for a preliminary injunction.

### III. Motion to Amend

Plaintiff seeks leave to amend his complaint to request a "permanent injunction that prohibits defendants from violating the express terms of the CDCR Settlement Agreement in *Giraldes v. Hicimbothem*, No. 1:09-cv-0154/SKO." *See* ECF No. 36 at 1 (alleging that defendants continuously threaten to transfer plaintiff out of CSP-Sacramento). The requested amendment, if granted, would add a new claim alleging a breach of contract.

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, defendants answered the complaint on July 12, 2013. ECF No. 26. Plaintiff moved to amend his complaint more than 21 days thereafter. *See* ECF No. 36 (Oct. 7, 2013 Mot. to Amend).

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v.*

5

*Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, plaintiff's proposed amendment to his request for relief is improper. The basis of his motion is that he anticipates a breach of the *Hicimbothem* agreement. Such an allegation would assert a claim unrelated to the already wide-ranging First Amendment retaliation claims at issue in this case. In addition, the proposed amendment would require that plaintiff also add as a defendant to this action one or more of the parties to the *Hicimbothem* agreement, such as CDCR. *See Berglund v. Arthroscopic & Laser Surgery Center of San Diego, L.P.*, 44 Cal.4th 528, 536 (2008) (a settlement is a contract and therefore not enforceable against non-parties). A breach of contract claim asserted against CDCR , however, could not be properly joined in this suit. *See* Fed. R. Civ. P. 18(a), 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). Plaintiff may not add entirely new defendants based on an entirely new cause of action, which would not have been properly joined in the initial complaint. *See George*, 507 F.3d at 607 (7th. Cir. 2007) (no "buckshot" complaints). For these reasons, plaintiff's motion to amend the request for relief in the complaint would be futile.[2]

---

[2] Although the *Hicimbothem* court's retention of jurisdiction has now expired, plaintiff will not be without recourse in the event the terms of the settlement agreement are breached. The United States Supreme Court has made clear that absent a court's "retained jurisdiction" over a settlement contract, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. 375, 381-82 (1994); *see also* 18 U.S.C. § 3626(c)(2)(B) ("Nothing in this section [of the Prison Litigation Reform Act]

**IV.     Summary of Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend (ECF No. 36) is denied.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 30) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 6, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law").