UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY GIRALDES, | No. 2:12-cv-662-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER AFTER HEARING ON PARTIES' DISCOVERY MOTIONS AND DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER |
| K.M. PORTER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On August 20, 2014, this action was on calendar for hearing on plaintiff's motion to compel, plaintiff's motion to supplement his motion to compel, defendants' motion to compel plaintiff's deposition, and defendants' motion to modify the scheduling order. Plaintiff appeared in pro per by way of telephone. Deputy Attorney General Debra A. Fitzsimmons appeared on behalf of defendants. As stated on the record, IT IS HEREBY ORDERED[1] that:

1. Plaintiff's motion to compel (ECF No. 37) is granted as to:

    a. RFP Nos. 13 & 14 (letters), directed to defendant Virga, in that defendant is ordered to conduct a diligent search for responsive documents, file a declaration detailing the steps taken to conduct that search, and supplement the responses if the search produces additional documents.

---

[1] Although defense counsel was instructed at the hearing to prepare and submit a proposed summary order, the court has subsequently decided to prepare its own order.

1

    b. RFP Nos. 1 & 2 (policies regarding civilian and inmate complaints), directed to defendant Virga, in that defendant is ordered to (i) provide or make available to plaintiff the regulations or portions of the California Department of Corrections and Rehabilitation's (CDCR) Operations Manual that describe the policies regarding civilian complaints against CDCR employees or the policies regarding inmates who complain about retaliation, and (ii) produce any other responsive documents, if they exist.

    c. RFP Nos. 4, 5, & 6 (plaintiff's administrative appeals), directed to defendant Virga, to the extent that defendant shall file a declaration detailing the steps taken to ensure that plaintiff receives the opportunity to review and obtain copies from his central file of the administrative appeals pertaining to the issues raised in this lawsuit.

    d. RFP No. 6 (plaintiff's housing log), directed to defendant Porter, in that defendant is ordered to conduct a diligent search for the missing page relating to the dates of April 29, 2012 through May 10, 2012, file a declaration detailing the steps taken to conduct that search, and supplement the response if the search produces the missing page.

    e. RFP No. 8 (cell search receipts), directed to defendant Porter, in that defendant is ordered to conduct a diligent search for responsive documents, file a declaration detailing the steps taken to conduct that search, and supplement the response if the search produces additional documents.

    f. RFA Nos. 1-5 & 8, directed to defendant Virga, in that defendant shall admit or deny the requests for admissions.

    g. RFA Nos. 25, 26, & 29, directed to defendant O'Brien, in that defendant shall admit or deny the requests for admissions.

Defendants shall, no later than September 17, 2014, file a declaration with the court that provides the information specifically requested above and also describes the outcomes of the searches and inquiries requested above. The declaration shall also confirm that defendants have supplemented

2

1    their discovery responses in accordance with this order.  In all other respects, plaintiff's motion to
2    compel is denied.

3    2. Plaintiff's motion to supplement his motion to compel (ECF No. 52) is denied.  At the
4    hearing plaintiff argued that the motion was not duplicative of his original motion to
5    compel.  However, it was unclear what specific discovery request(s) and response(s)
6    he was addressing apart from what had already been addressed.  Therefore, the
7    motion to supplement his motion to compel is denied without prejudice to the filing
8    of a motion that specifically identifies discovery request(s) and/or response(s) that
9    have not already been adjudicated by the court.

10   3. Defendants' motion to compel plaintiff's deposition (ECF No. 39) is granted and
11    defendants shall be permitted to depose plaintiff.

12   4. Defendants' motion to modify the schedule (ECF No. 40) is granted, and the court
13    sets the following scheduling deadlines:

14      a. The discovery deadline is extended to November 18, 2014 for the limited
15    purposes of allowing (i) defendants to depose plaintiff, (ii) for defendants'
16    compliance with this ruling on plaintiff's motion to compel, and (iii) for the
17    filing of any motion pursuant to paragraph 2 above.

18      b. Dispositive motions shall be filed on or before January 20, 2015.

19   5. Finally, because of the confusion among the parties as to the claims that are before the
20    court, which has led to relevancy disputes raised in the instant motions, the court
21    hereby clarifies the individual retaliation claims alleged in the amended complaint
22    (ECF No. 11) that are proceeding pursuant to 28 U.S.C. § 1915A.  The screened
23    complaint include claims that:

24      a. Defendant DALY retaliated against plaintiff for filing appeals (in an attempt
25    to protect his co-workers) by improperly screening out plaintiff's complaints
26    as untimely, as duplicative, or for missing required documentation.

27      b. Plaintiff filed an appeal requesting access to cable television.  On or around
28    November 11, 2010, plaintiff told defendant O'BRIEN that he intended to file

3

a lawsuit following the exhaustion of his administrative remedies. O'BRIEN threatened to confiscate plaintiff's personal property if he filed suit.

c. O'BRIEN again retaliated against plaintiff for having filed two § 1983 lawsuits and for filing appeals by imposing an unlawful punishment after finding plaintiff guilty of possession of contraband.

d. On July 28, 2011, O'BRIEN told plaintiff that if he did not stop appealing staff misconduct he would let defendant PORTER "break [plaintiff] down" to the absolute minimum property allowed. An officer subsequently took away plaintiff's hot-pot and fan. When plaintiff continued to file appeals, a false RVR was issued claiming that plaintiff's radio was missing and plaintiff was improperly ordered to send some of his property home. When plaintiff complained about this, defendants TILL, PORTER, and O'BRIEN conducted a retaliatory cell search and destroyed evidence that plaintiff had compiled. PORTER conducted a second retaliatory cell search on October 11, 2011 and wrongly confiscated plaintiff's batteries.

e. On or around July 5, 2012, O'BRIEN further retaliated against plaintiff by having him transferred to Mule Creek State Prison.

f. On or around November 13, 2010, defendant PERRY told plaintiff that he would be issued a rules violation report if he ever mentioned filing suit against a prison employee. After learning that plaintiff had documented this threat, PERRY searched plaintiff's cell and confiscated wires plaintiff had been using to access a few cable channels. PERRY told plaintiff that he took the wires because of the notes that plaintiff had taken.

g. On or around February 27, 2011, defendant PORTER ordered that plaintiff be strip-searched every time he asked to use the phone, in retaliation for plaintiff's complaint to a lieutenant that she had wrongfully taken away plaintiff's phone privileges.

/////

4

    h. In retaliation for filing appeals, defendant PORTER falsely claimed that plaintiff had refused to accept a special order he had placed for a typewriter, costing him almost $300 in restocking fees.

    i. On July 30, 2011, defendants TILL and PORTER told plaintiff that if he did not drop his appeal against PORTER, they would have inmates on the yard "deal with [plaintiff's] ass." They also told other inmates that if they did not get plaintiff to drop the appeal, the inmates would be stripped to the bare minimum property.

    j. On May 14, 2011, defendant SKOGIN told other inmates that "bad shit" would happen to the music program if someone did not stop making plaintiff file appeals. TILL and SKOGIN then confiscated plaintiff's guitar. After plaintiff continued to file appeals, SKOGIN threatened to take away plaintiffs' weekend yard time.

    k. Defendant HUTCHINGS conducted a series of retaliatory cell searches where he improperly applied mechanical restraints to plaintiff, confiscated allowable personal property (including legal supplies and a typewriter ribbon), wrote false rules violation reports (for possession of alpha-index spacers and other office supplies), and took legal mail and evidence that plaintiff had accumulated against other defendants. When plaintiff threatened to file another appeal, HUTCHINGS demanded that plaintiff turn over his personal shorts, claiming they were altered.

    l. Defendant TODD threatened to confiscate more of plaintiff's property if plaintiff did not withdraw an appeal and found plaintiff guilty of at least two rules violation reports (one regarding possession of office supplies, the other regarding possession of a hot-pot) just to retaliate against plaintiff.

    m. Plaintiff and his family members complained about the retaliation (and interference with administrative appeals) to defendant warden VIRGA. VIRGA denied wrongdoing by his staff, denied any problems with the mail,

and failed to take any corrective action.  VIRGA also allowed for the appeals process to be obstructed thinking it would prevent his staff from having to answer for their actions.

Dated:  August 21, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE